IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00369-F

| | | |
|---|---|---|
| YETUNDE BETTY ANDREWS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JMG REALTY, INC., and BHI-SEI | ) | |
| MARINERS, LLC d/b/a/ MARINERS | ) | |
| CROSSING, | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion [DE-51] to dismiss for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, the instant motion is ALLOWED.

Defendants' motion provides a thorough procedural history of this case, which is undisputed by Plaintiff and corroborated by the record. As the parties are familiar with this background, the court will not repeat it here.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply" with a court order. Fed. R. Civ. P. 41(b). Generally such dismissals "operate[] as an adjudication on the merits" of the case. *Id.* When considering the propriety of a dismissal with prejudice under Fed. R. Civ. P. 41(b), the court considers: (i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and

---

[1] Plaintiff responded [DE-54] and Defendants replied [DE-55].

(iv) the existence of a sanction less drastic than dismissal. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Although "pro se litigants are not held to the same high standards as attorneys," they are nonetheless required to "meet certain standards, including 'time requirements and respect for court orders without which effective judicial administration would be impossible.'" *Greeson v. Colvin*, 2015 U.S. Dist. LEXIS 7745, *6 (M.D.N.C. Jan. 23, 2015) (quoting *Ballard*, 882 F.2d at 96). Thus, pro se litigants are subject to dismissal under Rule 41(b) where their failure to comply with court orders or to prosecute their cases warrants such a result. *See, e.g., id.*

## II. DISCUSSION

The court has considered each of the four factors prescribed by the Fourth Circuit. While recognizing that "dismissal with prejudice is a harsh sanction which should not be invoked lightly," *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), the court nonetheless concludes that dismissal is appropriate here.

On June 23, 2016, the court ordered the parties to confer and provide to the court mutually agreeable dates on which to hold a court-hosted settlement conference. [DE-44]. On July 13, 2016, Defendants filed their suggested dates, [DE-49], and informed the court that Plaintiff had not responded to their requests to confer on the matter. On July 21, 2016, the court ordered Plaintiff to update her mailing address with the court, if necessary, and to appear by telephone and show cause for her failure to comply with the June 23, 2016 Order. [DE-46]. Despite the court's order, Plaintiff failed to appear or to provide an updated address. Since that time, Defendants report that Plaintiff has not responded to Defendants' attempted communications, and letters sent to Plaintiffs' mailing address have been returned as

2

undeliverable. *See* Mot. Dismiss [DE-52] ¶ 23. Mail sent by the court has also been returned. [DE-56, -57].

First, as a pro se litigant, Plaintiff bears the sole responsibility for her failure to comply with court orders and to prosecute her case. *See, e.g.*, *Kiser v. Salisbury Police Dep't*, 2015 U.S. Dist. LEXIS 68875, *5 (M.D.N.C. May 28, 2015). Plaintiff notes that her lack of "permanent employment and residence" puts her at a "significant disadvantage in the legal process." While this may be so, it does not relieve her of the obligation to comply with the court's orders and to diligently prosecute her case. *See Greeson v. Colvin*, 2015 U.S. Dist. LEXIS 7745, *8–9 (M.D.N.C. Jan. 23, 2015) ("It is true that Plaintiff likely did not receive the Court's Scheduling Order or its Roseboro letter, because these documents have been returned to the court as undeliverable. Nevertheless, as explained above, Petitioner herself bears the responsibility of providing the Court with a reliable means of communicating with her, which she has not done here.").

Second, Plaintiff's failure to prosecute and to comply with the court's orders have "rendered Defendant[s] unable to address the merits of Plaintiff's claim." *Id.* at *9. Plaintiff has failed to participate in even the most basic aspects of the discovery process and has refused to communicate in a meaningful way with opposing counsel. Defendants cannot adequately prepare to defend against Plaintiff's claims under these circumstances.

Third, Plaintiff demonstrates a pattern of deliberately dilatory conduct. In addition to failing to provide the court a reliable mailing address, Plaintiff has repeatedly refused to respond to Defendants' attempts at communication, has failed to appear as ordered by the court, and has failed to comply with the court's orders. Further, Plaintiff's timely response to the instant motion indicates that, despite her mail being undeliverable, Plaintiff is able to keep track of the docket in

3

this case. The court is left with the inescapable conclusion that Plaintiff's noncompliance is the result not of her failure to receive crucial information from the court, but of deliberately dilatory conduct.

Finally, no sanction short of dismissal with prejudice is likely to be effective. Plaintiff has been warned that failure to comply with the rules and orders of the court may result in dismissal. *See* [DE-37, -46]. Having given this warning, "any other course [would place] the credibility of the court in doubt and invite[] abuse." *Ballard*, 882 F.2d at 96.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion [DE-51] to dismiss is ALLOWED. This action is DISMISSED with prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 26th day of October, 2016.

                                        JAMES C. FOX
                                        Senior United States District Judge